UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Edwin Delgado,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Starr Indemnity & Liability Company, et al.,<br><br>　　　　　　Defendants | Case No. 2:22-cv-01967-CDS-BNW<br><br>**Order Granting Plaintiff's Motion to Remand & Remanding Case to State Court**<br><br>[ECF No. 9] |

　　　Plaintiff Edwin Delgado moves to remand this case, asserting that the removing defendant, Gallagher Bassett Services, has not demonstrated an adequate amount in controversy to satisfy the jurisdictional requirement for a federal court sitting in diversity. Gallagher Bassett opposes remand, claiming that Delgado's past medical expenses and requested attorneys' fees can be added together to produce an amount in controversy exceeding $75,000. Because Gallagher Bassett has not met its burden of demonstrating that the amount in controversy exceeds $75,000, I grant Delgado's motion and order this case remanded back to Nevada's Eighth Judicial District Court.

I.　　**Legal standard**

　　　"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy is at least $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

II.    Discussion

Gallagher Bassett, as the removing defendant, has the burden to demonstrate that the amount in controversy in this case exceeds $75,000.00. 28 U.S.C. § 1332(a) (requiring the amount in controversy to exceed $75,000); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("[T]he removing defendant [bears] the burden of establishing . . . any applicable amount[-]in[-]controversy requirement."). But Gallagher Bassett relies both on a misapplication of well-established law and speculation to determine the amount in controversy.

First, it suggests that attorneys' fees can be added to the amount in controversy without citing any statute or contractual provision authorizing such fees in this matter.[1] ECF No. 10 at 6. But "future attorneys' fees are only included in the amount in controversy [] if the underlying statute [or contractual provision] authorizes such an award." *SFR Invs. Pool 1, LLC v. Bank of Am.*, 2022 WL 16920367, at *4 (D. Nev. Nov. 14, 2022) (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 788 (9th Cir. 2018) ("[I]f a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy[.]")); *Cayer v. Vons Cos.*, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017) (stating that this court considers attorneys' fees to be included within the amount in controversy if the removing party identifies an applicable statute which could authorize such an award and provides an estimate as to fee calculation). Because Gallagher Bassett does not identify the applicable statute or contract that provides for attorneys' fees in this case, its estimations as to such fees cannot act as a basis for increasing the amount in controversy.

Second, it asserts that Delgado's computation of damages is flawed. ECF No. 10 at 5–6. Delgado's complaint does not request a specific amount of damages, *see generally* ECF No. 1-1, but

---

[1] Gallagher Bassett also disingenuously cites *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) for the proposition that "the amount in controversy **necessarily includes attorney[s'] fees** incurred until the action is resolved." ECF No. 10 at 6:17 (emphasis added). But nothing in *Simmons* holds that attorneys' fees are necessarily included in the amount-in-controversy calculation. In fact, *Simmons* explicitly mentions that attorneys' fees may be included in the amount in controversy "if recoverable by statute or contract," but they are not included as a matter of right, 209 F. Supp. 2d at 1034, making counsel's argument inaccurate and misleading.

2

his initial state-court disclosures estimated his damages to be $74,000. ECF No. 9 at 91. Delgado requests past and future pain and suffering damages, consequential damages incurred as a result of the defendants' alleged breach of contract, and punitive damages. *Id.* He also lists his past medical expenses but does not explicitly request renumeration for those expenses. *Id.* While Gallagher Bassett argues that "Delgado declined the opportunity to stipulate that the amount in controversy was under $75,000," ECF No. 10 at 6, it cites no authority—and I am aware of none—for the proposition that a plaintiff's failure to stipulate to a cap on his requested damages bears on the amount-in-controversy requirement.[2] And Gallagher Bassett cannot use Delgado's past medical expenses to meet its burden of demonstrating the amount in controversy, as the medical expenses themselves are not indicative of the value of Delgado's claims.

Finally, Gallagher Bassett does not itself calculate the amount in controversy. While it contends that the amount in controversy exceeds $75,000, at no point does it provide a number or range of numbers that it used to get to that figure. Instead, it requests that this court add together unspecified numbers for attorneys' fees, punitive damages, and past medical expenses, without providing concrete figures for any of those components. But "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A removing party must provide specific, factual allegations showing how the case in controversy exceeds $75,000, *id.*, and it may not rely on speculation to demonstrate that the amount is met. *Roberts v. Walmart Inc.*, 2019 WL 4696400, at *2 (D. Nev. Sept. 26, 2019). By not alleging specific facts that support that the amount in controversy should be calculated as exceeding $75,000, Gallagher Bassett's method of calculating the amount in controversy is speculative. Ultimately, the removing party must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

---

[2] I note here, without deciding the issue, that the plaintiff may be judicially estopped from arguing for more than $75,000 in damages later in this litigation. *Cicero v. Target Corp.*, 2013 WL 3270559, at *2 (D. Nev. June 26, 2013) ("[B]ased on plaintiff's arguments in her motion to remand that her damages are limited to $74,999.99, plaintiff is judicially estopped from arguing for more than $75,000 in damages.").

3

threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). And Gallagher Bassett does not link Delgado's medical expenses to any of his active claims in this case, nor does it provide any other evidentiary basis to support its position. I thus find that it has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000. This court therefore lacks subject-matter jurisdiction over this matter, and it must be remanded.

III. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF No. 9] is GRANTED**. The Clerk of Court is directed to **REMAND** this case to the Eighth Judicial District Court for the State of Nevada, Case No. A-22-853561-C, Department 31, and to **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED: June 16, 2023

_____
Cristina D. Silva
United States District Judge